[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This civil action is a claim of judicial review pursuant toG.L. 1956 (1988 Reenactment) § 42-35-15 of a decision of the Certification Review Committee (hereinafter "the CRC") in the Department of Economic Development (hereinafter "the Department") issued on July 20, 1992. That decision confirmed an earlier decision issued on March 26, 1992, after consideration of affidavits submitted by the plaintiff as an "offer of proof" following a meeting of the CRC on June 4, 1992. The CRC and the other defendants contend that the meeting attended by representatives of, and counsel for the plaintiff, at which they were permitted to make a twenty-minute presentation, was a hearing. The CRC denied the plaintiff's application for certification as a minority business enterprise under G.L. 1956(1990 Reenactment) Chapter 14.1, Title 37.
This action was commenced on August 17, 1992. The record was certified and transmitted to this Court on September 21, 1992. Briefing was concluded on June 25, 1993. The case was assigned to this Justice for decision on July 7, 1993.
The record in this matter discloses a blatant, if not high-handed, disregard of the fundamental requirements of fair hearing and decision-making as required by the Constitution of the United States, the Constitution of this State, and the Administrative Procedures Act (§ 42-35-1, et seq.).
Chapter 14.1 of Title 37 of the General Laws was originally enacted by P.L. 1986, ch. 493, § 1. The chapter is designed to support "the fullest possible participation of firms owned and controlled by minorities and women (MBE's) in state funded and state directed public construction programs and projects and in state purchases of goods and services." § 37-14.1-1 Subsequent sections of the chapter set out the applicability of the chapter, define the terms used in the chapter, and, most important, set aside ten percent of all applicable procurements and construction contracts for award to MBE's. § 37-14.1-6. An MBE is defined by§ 37-14.1-3(f) as follows:
 "Minority business enterprise" or "MBE" means a small business concern, as defined pursuant to section 3 of the federal Small Business Act [15 U.S.C. § 632] and implementing regulations, which is owned and controlled by one or more minorities or women. For the purposes of this chapter, owned and controlled means a business:
 (1) Which is at least fifty-one percent (51%) owned by one or more minorities or women or, in the case of a publicly owned business, at least fifty-one percent (51%) of the stock of which is owned by one or more minorities or women; and
 (2) Whose management and daily business operations are controlled by one or more such individuals.
There is no requirement in the statute that women or minorities exercise dominant control of the management and daily business operations of a small business to qualify it as a minority business enterprises as required in Rules and Regulations issued by the Department. Simple unqualified control in the plain language of the statute will suffice.
Under § 37-14.1-7 the director of the Department of Administration is required to establish, by rule and regulations adopted in accordance with the Administrative Procedures Act, procedures for implementation of the chapter which are not inconsistent with pertinent federal regulations. Even though regulatory authority is vested in the director of administration, the Department issued its own regulations on May 11, 1989, November 7, 1991, February 18, 1992 and May 11, 1992.
The various rules and regulations do provide for hearings, but those provisions do not comply with the requirements of the Administrative Procedures Act. The purported hearing of June 4, 1992 does not conform to the Act or the pertinent rules. None of the proceedings accord an applicant minimum due process, although important personal, civil and property rights of women are involved.
Section 42-35-9, which is plainly applicable to a proper hearing in this matter, must be followed strictly. The plaintiff is entitled to a full evidentiary hearing with due notice and a full record. Rules of Evidence should be followed at hearings consistent with § 42-35-10. Cross-examination of witnesses is mandated by § 42-35-10(c). This right clearly extends to investigative staff personnel. The final decision should comply with § 42-35-12, so that judicial review is possible. The Committee should note that § 42-46-3 of the Open Meetings Law requires that its deliberations be in open session with notice to interested parties. The twenty-minute limitation mentioned in Rule 500 vii does not apply to review hearings under § 42-35-9.
The Committee may wish to consider carefully how much weight it chooses to give to the evaluation of a male investigator in a contested women's business enterprise certification application. The Committee ought to note that 49 C.F.R. § 23.53(a) requires that women owners must possess the power to direct or causethe direction of the management and policies of the firm and to make day-to-day as well as major decisions on matters of management, policy, and operations. The question is not whether the women owners make such decisions, but whether they have the power to make them. Evidence that they do not in fact make such decisions is relevant to the question of whether they have such a power, but it is, of course, not determinative of the answer.
This matter will be remanded to the Committee for a full evidentiary hearing within sixty days from the entry of final judgment. The hearing will be governed strictly by the provisions of §§ 42-35-9 thru 42-35-14, inclusive.
The plaintiff will present a form of judgment for entry on notice to the defendants.